**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Giovanni MACPHAIL, Defendant–**
**Appellant.**

**No. 07–50183.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 6, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

128

Michael J. Raphael, Esq., Ellyn M. Lindsay, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Pedro V. Castillo, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

### MEMORANDUM **

Giovanni MacPhail appeals the revocation of his supervised release. The magistrate court found probable cause that MacPhail had violated a supervised release condition requiring him to notify his probation officer if he was questioned by a law enforcement officer. After a contested evidentiary hearing, the district court concluded that MacPhail had violated the condition and revoked his supervised release. The only issue before this Court is whether the magistrate court had sufficient evidence to support its probable cause finding. We affirm.

On appeal from a revocation of supervised release, this Court views the evidence in the light most favorable to the government. *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir.2007). This Court's duty is "simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (citation omitted).

MacPhail was pulled over by a highway patrol officer and issued a speeding ticket while subject to the supervised release condition. MacPhail did not report the traffic stop and speeding ticket to his probation officer.

Sufficient evidence supported the magistrate court's probable cause finding that MacPhail was questioned during the traffic stop. MacPhail was pulled over at two o'clock in the morning for driving eighty-five miles per hour—twenty miles above the speed limit. The speeding ticket included biographical and insurance data, reflecting that an exchange of information had taken place between MacPhail and the patrol officer. MacPhail did not present any evidence at the probable cause hearing to refute that inference. Based on the totality of the circumstances, the magistrate court made a "practical, common-sense decision" that there was a "fair probability" that MacPhail had been questioned during the traffic stop. *See Gates*, 462 U.S. at 238, 103 S.Ct. 2317.

MacPhail contends that even if the police officer did ask MacPhail a routine question to gather biographical information for the speeding ticket, such a question would not trigger the reporting condition. MacPhail insists that the questioning contemplated by the condition must be adversarial—the type of questioning that could lead to an arrest. However, the plain language of the condition requires a supervised releasee to report *any* questioning, and does not limit the type of questioning to adversarial situations.

Accordingly, we conclude that the magistrate court's finding of probable cause does not constitute plain error and we

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

uphold the revocation of MacPhail's supervised release.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.